## Trimble v. J. T. Dotson & Son.

(Decided March 19, 1935.)

COLEMAN TAYLOR for appellant.

J. W. LINTON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In 1931 appellant contracted with appellee to build a house for appellant for an agreed price of $5,200. The house was to be built according to plans and specifications which were set out in the contract.

Appellee erected the house and thereafter brought this suit to recover for alleged extras consisting of the following items: Extra work on foundation, $189.20; tile floors and hearths in bathrooms, $15; coal bin in basement, $10; rebuilding hearth, $10; hauling brick, $25; hardwood flooring, $230.40; account paid to Brister & Co., $36.51; twelve bags cement $7.20; lavatory, etc., $12.

Appellant filed his answer denying the account and each and every item therof, and also counterclaimed alleging that appellee "did not erect the building in a workmanship manner according to the contract." The jury returned a verdict in favor of appellee for $200 and failed to find for appellant on his counterclaim. From a judgment entered in conformity to the verdict, appellant has prayed an appeal.

Grounds urged for reversal are that the evidence is insufficient to support the verdict and that the instructions are erroneous. It will be observed, as noted above, that appellee asked to recover $189.20 for the construction of the foundation of the building. The plans and specifications, which were a part of the contract, are filed with the record, and with reference to the foundation it provides that the contractor shall excavate trenches eight inches wide and two feet deep for brick veneer work at side of present foundation wall. It specified the mix of the concrete and how it should be poured and other details respecting the construction of the foundation. Appellee's testimony on this item is as follows:

"Q. 1. What did they tell you to do? A. Told

me to go ahead and build a foundation and keep account of the cost.

"Q. 2. Well, what work did you do to enlarge the foundation? A. Well, I had to put a foundation most all the way around it.

"Q. 3. In what way? A. I had to dig a trench 2 feet deep and eight inches wide—enough to catch the brick veneer."

According to appellee's own testimony, he did nothing more in the construction of the foundation than was set out in the contract. He merely says that they told him to construct the foundation and to keep account of the cost. We do not think there was any evidence to support appellee's claim for this item and it should not have been submitted to the jury. With respect to the item of $36.51 which appellee claims he paid Brister & Co., it is shown that appellant gave appellee a check covering this account. It was presented to him, and he at first denied his indorsement thereon. Later he was recalled and he admitted having received the check of appellant and that he paid Brister the account. The evidence does not support appellee's claim for this item and it should not have been submitted to the jury.

With respect to the other items the evidence is but slightly conflicting, the preponderance thereof being in favor of appellant; but, as the case is to be reversed on another ground, we express no opinion as to whether the verdict is so flagrantly against the evidence as to require a reversal.

Instructions No. I and X are complained of. Instruction I submitted to the jury all the items sued for, including the claim for the construction of the foundation of the house and the Brister Company account for cement. As above noted, these items should not have been submitted to the jury and the court should have peremptorily instructed the jury to find for appellant, the defendant below, as to these items. Instruction X told the jury in substance that appellant could not recover on his counterclaim for defective materials and workmanship unless appellant first notified appellee of such defects and had given him a fair opportunity to remedy or correct same before loss, if any, on account of such alleged defects "and, if defendant failed to so notify plaintiff of same he would be precluded from

recovering damages which may have resulted, if any, on account of such alleged defects." We think this instruction erroneous. Appellee cites us to no authority, and we know of none, requiring such notice as a necessary prerequisite to afford a recovery for a breach of contract. Young v. Cumberland County Educational Society, 183 Ky. 625, 210 S. W. 494, 6 A. L. R. 136; Cassinelli et al. v. Stacy, 238 Ky. 827, 38 S. W. (2d) 980. In the cases, supra, there was not involved the specific question of notice to the contractor of the alleged defects, but substantially the same principle was involved. Both instructions complained of allowed plaintiff to recover regardless of whether or not he had substantially complied with his contract, and were further erroneous in that respect.

The appeal prayed for is granted, and the judgment reversed for proceedings consistent herewith.